Jeanne L. Zimmer (SBN 123321)
zimmerj@cmtlaw.com
Martin Schannong (SBN 243297)
schannom@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
MRS BPO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| SAUNDRA N. SAUNDERS,<br>Plaintiff,<br>vs.<br>MRS BPO, LLC,<br>Defendant. | CASE NO. 5:12-CV-00279-VAP-OP<br>**ANSWER TO COMPLAINT** |

COMES NOW Defendant MRS BPO, LLC ("Defendant") and answers the Complaint of Plaintiff SAUNDRA N. SAUNDERS ("Plaintiff") as follows:

1. Defendant admits that Plaintiff alleges violations of the FCRA in this action, but denies that any such violations occurred.

2. Defendant admits that Plaintiff alleges violations of the FCRA in this action, but denies that any such violations occurred.

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint as they constitute legal conclusions.

4. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint, and on that basis denies them.

/ / /

5. Defendant denies that Plaintiff has any actionable claim against Defendant. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that it does business in California from time to time.

7. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that it has a business office at the address stated in Paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

10. Paragraph 10 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

11. Paragraph 11 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, which lack foundation and are vague and ambiguous.

13. Defendant admits that it obtained Plaintiff's credit report and alleges that it had a permissible purpose to do so. Defendant denies that it violated the FCRA and denies any remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, and on that basis denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

///

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint as Defendant had a permissible purpose to obtain Plaintiff's credit report. Defendant currently lacks sufficient knowledge to admit or deny any remaining allegations in said Paragraph, which also lack foundation and are vague and ambiguous.

17. Defendant incorporates by reference its responses to Paragraphs 1 through 16 above, and denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint, which also constitute legal conclusions.

19. Defendant admits that Experian is a consumer reporting agency.

20. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, which lack foundation and are vague and ambiguous.

21. Defendant currently lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint, which lack foundation and are vague and ambiguous.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer for relief set forth under said Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute or statutes of limitations.

/ / /

/ / /

**THIRD AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of 15 U.S.C. § 1681 *et seq*.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §§ 1681n and 1681o.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

/ / /

/ / /

**NINTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, losses, or damages alleged in the complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it at all times alleged in the Complaint maintained reasonable procedures created to prevent any violations of the Fair Credit Reporting Act and that Defendant's conduct was reasonable thereby preventing any finding of negligent or intentional conduct under said Act.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred as Defendant complied with all of the obligations, if any, required under the Fair Credit Reporting Act.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it had a permissible purpose to obtain Plaintiff's credit report.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff has no private right of action under the Fair Credit Reporting Act.

/ / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that attorney's fees cannot be awarded to a *pro se* Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint against Defendants was brought in bad faith and for the purpose of harassment and the claims alleged against Defendants are frivolous. The relief requested by Plaintiff is therefore precluded, and Defendants are entitled to recover their reasonable expenses, including attorney's fees and other defense costs, pursuant to, *inter alia*, 15 U.S.C. §§ 1681n(c) and 1681o(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are or may be subject to an arbitration agreement requiring said claims to be decided by mandatory and binding arbitration. If so, Defendant reserves its right to seek arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act and/or other statutes.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED: March 21, 2012

CARLSON & MESSER LLP

By /s/
Jeanne L. Zimmer
Martin Schannong
Attorneys for Defendant
MRS BPO, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES ) ss.

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Blvd., Los Angeles, California 90045.

On **March 21, 2012**, I served the foregoing document described as: **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X] (BY MAIL)**

I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[] **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[] **BY PERSONAL SERVICE BY HAND**: I personally served said document(s) on the date set forth below, by personally hand serving the aforementioned document to (See Service List)

[] **(State)**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X] (Federal)**
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **21st day of March, 2012** at Los Angeles, California.

Linda Brooks

**SERVICE LIST**
**Saunders, Saundra N. v. MRS BPO, LLC**
**File No. 07053.00**

Saundra N. Saunders
716 Park Avenue
Perris, California 92570
nicolesaunders89@gmail.com

**PLAINTIFF IN PRO SE**